I believe the majority correctly interprets Hobbs's challenge to the discovery order as a facial attack on the constitutionality of the discovery provisions of Proposition 115. On that basis I agree with the result. The electorate's decision adding section 30, subdivision (c) to article I of the California Constitution to provide for reciprocal discovery in criminal cases necessarily precludes a judicial determination that all
prosecutorial discovery is prohibited under our constitution. A change in the state constitution sanctioning reciprocal discovery preempts earlier contrary decisions by the California Supreme Court. (Meeks v. Superior Court.)*
The fact that I believe the discovery provisions of Penal Code section 1054 et seq. are facially valid does not necessarily mean I would deny a fact-specific attack on the order in this case. Although Proposition 115 makes clear courts may not create discovery rights lacking a statutory basis (Cal. Const., art I, § 30; Pen. Code, § 1054, subd. (e)), we are nonetheless still required to interpret the application of the discovery statutes on a case-by-case basis. In doing so we must harmonize the defendant's state and federal constitutional rights with the prosecution's right to discovery. (See Dept. of Justice, Prop. 115 Manual: The Crime Victims Reform Act (1990) p. 109.)
I include a defendant's rights under the CaliforniaConstitution because section 30 of article I does not include any language similar to that contained in section 24 of article I, the section invalidated in Raven v. Deukmejian (1990)52 Cal.3d 336 [276 Cal.Rptr. 326, 801 P.2d 1077]. Section 24 provided that the California Constitution could "not be construed . . . to afford greater rights to a criminal defendant than those afforded by the Constitution of the United States." Therefore, while section 30, subdivision (c)'s placement in the California Constitution eliminates the argument that other provisions of the document absolutely preclude reciprocal discovery, it does not suggest that such other state constitutional provisions may not limit the Legislature in defining the scope of a reciprocal discovery statute. *Page 698 
Here, however, Hobbs's challenge to the discovery order does not specify any particular items whose disclosure would violate a right protected by the California Constitution. Moreover, his nonfactual argument eschews any contention that the order entered by the trial court is overbroad.[1] Accordingly, without considering any of these additional arguments which might be raised at a later time by Hobbs or in another case, I concur in the result.
Petitioner's application for review by the Supreme Court was denied November 14, 1991. Mosk, J., was of the opinion that the application should be granted.
* See Reporter's Note, ante, page 680.
[1] The January 3, 1991, order requires Hobbs and his counsel to disclose to the prosecution the following:
"(a) The names and addresses of persons, other than defendant or his counsel, of any and all persons defendant intends to call as witnesses at trial;
"(b) Any relevant written or recorded statements of any person or persons, whom defendant intends to call as witnesses at trial, and/or reports of the statements of such persons;
"(c) Any reports or statements of experts made in connection with this case including, but not limited to, the results of physical or mental examinations, scientific tests, experiments, or comparisons which the defendant or counsel intend to offer as evidence at trial; and
"(d) Any `real,' i.e., tangible or physical, evidence which the defendant or counsel intends to offer in evidence at trial."
Because the order does not track the statute, it would appear that at least subdivisions (b) and (c) of the order are overbroad. Subdivision (b) would literally require the disclosure of statements made by the defendant, which is not mandated by Penal Code section 1054.3. Similarly, subdivision (c) of the order is not limited to reports or statements by experts which the defendant intends to call as witnesses. *Page 699